**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David Hannemann, as President of the Live Oak Village Homeowner's Association, Inc., Respondent,

v.

William McFarland, Appellant.

Appellate Case No. 2020-001029

―――――――――――

Appeal From Dorchester County
James E. Chellis, Master-in-Equity

―――――――――――

Unpublished Opinion No. 2023UP306
Heard May 4, 2023 – Filed September 6, 2023

―――――――――――

**VACATED**

―――――――――――

Russell Grainger Hines, of Clement Rivers, LLP, of Charleston, for Appellant.

James Bernard Hood and Virginia Rogers Floyd, both of Hood Law Firm, LLC, of Charleston, for Respondent.

―――――――――――

**PER CURIAM:** In this declaratory judgment action, Appellant William McFarland challenges an order of the master-in-equity granting summary judgment to

Respondent David Hannemann and declaring Hannemann to be the duly elected President of the Live Oak Village Homeowners Association (HOA). Among many other arguments in his brief, McFarland maintains that Hannemann was required to obtain the authorization of the HOA's Board of Directors (Board) to initiate this action. We agree.

Initially, we note that the master did not directly rule on this argument, despite McFarland's request in his Rule 59(e), SCRCP, motion for such a ruling. However, in responding to McFarland's judicial estoppel argument, the master stated that the HOA was "not a party to the present lawsuit." Carrying this statement to its logical conclusion, the master did not consider the Board's approval necessary in order for Hannemann to file this action. As we explain below, the failure to file this action on the HOA's behalf precluded the master's declaratory judgment from having any binding effect.

Hannemann argues he was not required to obtain the HOA's approval in order to bring this action because he did not bring it on the HOA's behalf. He argues that he brought this action "as President, individually." Yet, he seeks a judgment declaring him to be the duly elected President *of the HOA*, which undoubtedly would affect the rights of the HOA and its constituent members. The requested declaratory judgment requires a determination of the validity of the HOA's election of Board members and the Board's election of officers. It logically follows that the same Declaratory Judgments Act that authorizes such a determination—one that strikes at the very heart of HOA activity—also requires conferring party-status on the HOA in order for the determination to bind the HOA. *See* S.C. Code Ann. § 15-53-80 (2005) ("When declaratory relief is sought[,] all persons *shall* be made parties who have or claim any interest [that] would be affected by the declaration, and *no declaration shall prejudice the rights of persons not parties to the proceeding*." (emphases added)); *see also S.C. Dep't of Soc. Servs. v. Wilson*, 352 S.C. 445, 452, 574 S.E.2d 730, 734 (2002) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."). Likewise, Hannemann's request to compel McFarland to convey HOA records to Hannemann, which undoubtedly affects the HOA, cannot be fulfilled by an order that does not bind the HOA due to its non-party status.

Hannemann's position is that it is impossible to name the HOA as a party and obtain the Board's authorization to do so because the judicial declaration of the validity of elections must precede any official Board action such as authorizing a lawsuit. We reject this argument. Hannemann cannot credibly argue that the HOA was functional for the purpose of validly electing him as a Board member and as

President yet dysfunctional for the purpose of allowing the Board to authorize this lawsuit on the HOA's behalf.  The true non sequitur before this court is Hannemann's request for a declaration purporting to bind an entity that is not a party to this action.

Therefore, Hannemann was required to obtain the Board's authorization to file this action on the HOA's behalf.  Section 4(E) of the By-laws, entitled "Action Taken Without a Meeting," states:

> The directors shall have the right to take any action in the absence of a meeting of the directors which they could take at a meeting by obtaining the *written approval of all the directors*.  Any action so approved shall have the same effect as though taken at a meeting of the directors.

(emphasis added).[1]  Hannemann's other options would have been to obtain the vote of one other director at either a regular Board meeting or a special meeting, with at least three days' advanced notice being given to the other directors for the special meeting.  *See* By-laws § 4(A) (providing for the HOA's affairs to be managed by a board of three directors); By-laws § 5 (providing for regular monthly meetings without notice and special meetings after at least three days' notice; defining a quorum as a majority of the directors; and requiring a majority vote at a meeting at which a quorum is present for an act or decision to be regarded as an act of the Board).

Based on the foregoing, the master erred by entertaining this action without prior authorization from the Board to file this action on the HOA's behalf.  In the absence of the HOA as a party to this action, the master's order has no binding effect and must be vacated.

---

[1] Likewise, section 6(D) of the By-laws, entitled "Actions without Meetings," states:

> To the extent now or from time to time hereafter permitted by the law of South Carolina, the directors may take any action which they might take at a meeting of directors without a record of any such action so taken, signed by each director, to be retained in the [HOA's] minute book and given equal dignity by all persons with the minutes of meetings led and held.

## CONCLUSION

Accordingly, we vacate the master's order granting summary judgment to Hannemann.

**VACATED.**

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**